**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0649-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHANIKAH S. DANIELS,
a/k/a SHANIKA DANIELS,

     Defendant-Appellant.

_____

Submitted June 2, 2020 – Decided June 16, 2020

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 11-11-0749.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Amanda Paige Frankel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shanikah Daniels appeals an order denying her petition for post-conviction relief (PCR) following an evidentiary hearing. Because defendant failed to demonstrate her trial counsel's "deficient performance prejudiced the defense," Strickland v. Washington, 466 U.S. 668, 687 (1984),[1] we affirm.

For her part in crimes against a seventeen-year-old girl, defendant was charged in a separate indictment from her two accomplices with first-degree robbery, second-degree kidnapping, third-degree aggravated assault, and several second- and fourth-degree weapons offenses. Prior to trial, the State extended an open plea offer to defendant, which meant the State did not make a sentencing recommendation but reserved the right to argue for a sentence in the second-degree range. Defendant rejected that offer and a jury convicted her of nearly all charges, except robbery and one weapons offense; she was sentenced to an aggregate seven-year prison term, subject to the eighty-five percent parole disqualifier under N.J.S.A. 2C:43-7.2.

---

[1] In Strickland, the United States Supreme Court established a two-part test, requiring a defendant seeking PCR on ineffective assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) that the deficiency prejudiced defendant's right to a fair trial. Ibid. Our Supreme Court adopted the Strickland test in State v. Fritz, 105 N.J. 42, 58 (1987).

A-0649-18T2

One month later, the trial judge resentenced defendant solely to impose the registration requirements under Megan's Law. See N.J.S.A. 2C:7-2(b)(2) (requiring registration as a sex offender for certain non-sexual offenses, including kidnapping of a minor). We affirmed defendant's conviction and sentence in our prior unpublished opinion. State v. Daniels, No. A-5451-12 (App. Div. Dec. 9, 2014).

After the Supreme Court denied certification, defendant filed a petition for PCR, contending her trial counsel was ineffective by failing to advise that her kidnapping charge triggered Megan's Law consequences. The State conceded defendant established counsel's deficiency and was thereby entitled to an evidentiary hearing. But the State further argued defendant could not establish prejudice under the second Strickland prong because defendant's ineffectiveness claim was "premised solely on the speculative success of a theoretical plea negotiation in a multi-defendant case."

Defendant testified at the hearing and presented the testimony of her trial counsel. Defendant asserted that had she known she would have had to register under Megan's Law, she would have attempted "to work out a plea" that avoided that requirement. Trial counsel acknowledged he was unaware Megan's Law registration applied to defendant's kidnapping charge until after she was

3                                                    A-0649-18T2

sentenced, and said he would have attempted to negotiate a deal that avoided that consequence.[2]

Notably, both witnesses conceded they did not know whether the State would have agreed to eliminate the requirement. On cross-examination, trial counsel recalled the State was "principally focused" on defendant's cohort, "the Irvington police officer." Trial counsel acknowledged that the State would not have "cut one loose and let the other [go] to trial alone," specifically stating: "It's my understanding there was no plea by one without the other."

Because defendant was unable to demonstrate the State would have offered her a plea agreement eliminating her exposure to Megan's Law registration requirements, the PCR judge, who was not the trial judge, denied defendant's petition. In a written decision that accompanied his order, the judge concluded defendant failed to establish prejudice under the second Strickland prong. This appeal followed.

On appeal, defendant renews her argument in a single point for our consideration:

> THE [PCR] COURT ERRED IN FINDING THAT
> TRIAL COUNSEL WAS NOT INEFFECTIVE FOR
> FAILING TO ADVISE [DEFENDANT] THAT A
> CONVICTION OF KIDNAPPING WOULD SUBJECT

---

[2] Neither the trial judge nor the State was aware of the consequences until after defendant's initial sentence.

HER TO THE REGISTRATION PROVISIONS OF MEGAN'S LAW.

We have carefully considered defendant's contentions in view of the applicable law, and conclude they lack sufficient merit to warrant extended discussion in this written opinion, R. 2:11-3(e)(2), beyond the following comments.

Our review following an evidentiary hearing for PCR "is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). Where an evidentiary hearing has been held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015) (citation omitted). We review any legal conclusions of the court de novo. Nash, 212 N.J. at 540-41.

The testimony adduced at the hearing fell far short of establishing the second Strickland prong. The record is devoid of any evidence that the State would have offered a plea agreement eliminating Megan's Law consequences. Rather, the record reveals the State was unwilling to negotiate a plea agreement with defendant because her accomplice exercised his right to trial. The State's open plea offer therefore required defendant to plead guilty to all counts, only limiting her sentencing exposure on the first-degree robbery to the second-degree range. Defendant simply presented no evidence to demonstrate the State

would have extended a plea offer, eliminating the mandatory registration requirement under the kidnapping charge. The record amply supports the PCR judge's findings.[3] See Pierre, 223 N.J. at 576.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We part company with the judge's reasoning in one respect. We discern no distinction between a trial attorney's obligation to advise a client about Megan's Law consequences in the context of "completing the plea form and/or during the plea colloquy" and when informing the client's "decision to go to trial." See State v. L.G.-M., ___ N.J. Super. ___, ___ (App. Div. 2020) (slip op. at 11) ("impos[ing] an obligation upon defense attorneys to advise their clients of the potential immigration consequences of any criminal disposition whether that disposition will result from a guilty plea, trial, or diversionary program"), certif. denied, ___ N.J. ___ (2020).

6                                                                                          A-0649-18T2